## FIRST-CENTRAL TRUST CO v DODGE

Ohio Appeals, 9th Dist, Summit Co

No 2865. Decided June 11, 1937

Slabaugh, Seiberling, Huber & Guinther, Akron, for appellee.

Gottwald, Breiding & Hershey, Akron, for appellant.

### OPINION

PER CURIAM

This is an action at law wherein the plaintiff (appellee) recovered a judgment upon a claim growing out of a contract which it alleged belonged to it by virtue of an assignment from one of the parties of the first part, named in said contract, to whom said claim was payable according to the terms of said contract.

The cause is before this court on appeal on questions of law.

We shall consider but one of the several questions of law that have been argued, and that is as to whether or not, under the record and as a question of law, said appellee had a right to prevail in the action.

The parties of the first part named in the contract were J. A. H. Myers and Maude Myers, and the parties of the second part were Fred B. Dodge and Charlotte I. Dodge.

Without setting forth the situation of said parties to said contract or the sur-

rounding circumstances with which counsel are familiar, it will be sufficient, for the purpose of the question involved, to state that the part of the contract out of which the claim sued upon arises is as follows:

"It is further mutually covenanted and agreed that the **first party** having paid, or is about to pay, the entire cost of installation of a six-inch water main from Chestnut Ridge Road easterly on Ridge Road to Brown Road, the second party, her heirs or assigns, will at such time as she or her assigns shall connect with any one of the service connections of parcels 3, 4, 5 or 7, or in any manner connecting any one of the said parcels with the water system of The Fairlawn Heights Company, its successors or assigns, pay to or reimburse the **first party** for one-half of the cost of the installation of the aforesaid water lines and connections, together with interest thereon at the rate of six percent (6%) per annum, computed annually * * *."

Said contract bears an assignment, reading in part as follows:

"In consideration of The Fairlawn Heights Company constructing the six-inch water main as set forth in the last paragraph of the foregoing contract, I hereby sell, transfer and assign to The Fairlawn Heights Company all my right to the payment or reimbursement from the second party of the foregoing contract * * *."

Said assignment is signed by J. A. H. Myers alone, and is not signed by Maude Myers, who is designated in said contract as one of the parties of the first part, to whom said claim, by the terms of the contract, was to be paid.

The appellee is the trustee of The Fairlawn Heights Company, to whom said assignment was made by J. A. H. Myers alone.

The record does not disclose any assignment by Maude Myers, or any acts or conduct by her approving of or ratifying said assignment, and she is not a party to this action; neither does the record disclose that Charlotte I. Dodge, the appellant, ever knew of such assignment previous to the bringing of this action, or that she in any wise consented thereto or acquiesced therein.

This is not an action in equity, and the rule at law is, that where there are several holders of a chose in action or obligees of an instrument, and it is intended to assign the chose in action or instrument, all the holders or obligees must join in the assignment. The object of the rule is to protect the defendant from unnecessary vexation and to avoid the costs and expenses incident to numerous suits; and, to accomplish that object, the general rule is that one joint obligee cannot, by his separate act, transfer the legal title to his interest in an obligation so as to authorize the assignee to sue upon it in his own name.

4 Am. Jur., Assignments, §65.

**Pennsylvania Co. v Thatcher, 78 Oh St 175.**

**P., C., C. & St. L. Ry. Co. v Volkert et, 58 Oh St 362.**

Applying these principles to the facts shown by the record in this case, we are of the opinion that The Fairlawn Heights Co. did not, by such assignment, acquire such legal title in said claim as authorized it or its trustee, the appellee, to maintain this action at law to recover the amount of said claim. It follows, therefore, that Charlotte I. Dodge, the appellant, was entitled, as a matter of law, to a judgment in her favor dismissing said action against her, which judgment, by motion made at the close of appellee's evidence and renewed at the close of all of the evidence, she requested the court to enter, and that the refusal of the court to render such judgment was error.

There are other facts and circumstances shown by the record which raise grave doubt as to the equity of the enforcement of said claim at this time by appellee against appellant, unless such claim can be so enforced as a strict matter of legal right.

Judgment reversed and the petition of the First-Central Trust Co., trustee, dismissed at its costs.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.